## ABBIE A. HUGHES v. J. H. MAGORIS.

### (147 N. W. 94.)

**Laches — in bringing suit — circumstances in weighing testimony — cause of action — not barred by.**

1. Under the circumstances of this case the laches of plaintiff in bringing his suit is a circumstance to be considered in weighing the testimony, but does not amount to a bar of his cause of action.

**Evidence — Newman act — recovery.**

2. Evidence examined under the Newman act, and found that plaintiff is entitled to the various sums mentioned in the opinion.

Opinion filed April 15, 1914.

Appeal from the District Court of Grand Forks County, *Templeton,* J.

Action for accounting.

Affirmed.

*Geo. R. Robbins* and *Geo. A. Bangs,* for appellant.

The plaintiff is guilty of laches in not bringing this case up for trial, and there is no justification or excuse for such failure. Naddo v. Bardon, 2 C. C. A. 335, 4 U. S. App. 642, 51 Fed. 493; Hayward v. Eliot Nat. Bank, 96 U. S. 611, 618, 24 L. ed. 855, 858; Washington v. Opic, 145 U. S. 214, 36 L. ed. 680; Patterson v. Hewitt, 11 N. M. 1, 55 L.R.A. 658, 66 Pac. 552, 195 U. S. 309, 49 L. ed. 214, 25 Sup. Ct. Rep. 35.

Within the time fixed by the statute a court of equity will apply the doctrine of laches, and refuse relief upon equitable grounds, where plaintiff has slept on his rights, or where justice cannot be done de-

fendant. Freeman v. Wood, 14 N. D. 106, 103 N. W. 392; Patterson v. Hewitt, 11 N. M. 1, 55 L.R.A. 658, 66 Pac. 552, 195 U. S. 309, 49 L. ed. 214, 25 Sup. Ct. Rep. 35; Great West Min. Co. v. Woodmas of Alston Min. Co. 14 Colo. 90, 23 Pac. 908; Hughes v. Kershow, 42 Colo. 210, 15 L.R.A.(N.S.) 723, 93 N. W. 1116; Wilson v. Wilson, 41 Or. 459, 69 Pac. 923; Hagerman v. Bates, 5 Colo. App. 391, 38 Pac. 1100; Calhoun v. Millard, 121 N. Y. 69, 8 L.R.A. 248, 24 N. E. 27; Mason v. Sanford, 137 N. Y. 497, 33 N. E. 546; Boyer v. East, 161 N. Y. 580, 76 Am. St. Rep. 290, 56 N. E. 114; Bliss v. Prichard, 67 Mo. 181; Kline v. Vogel, 90 Mo. 239, 1 S. W. 733, 2 S. W. 408; Sheldon v. Rockwell, 9 Wis. 181, 76 Am. Dec. 265; Stevenson v. Boyd, 153 Cal. 630, 19 L.R.A.(N.S.) 525, 96 Pac. 284; Curtis v. Lakin, 36 C. C. A. 222, 94 Fed. 251, 20 Mor. Min. Rep. 35.

Poverty is not an excuse for failure to exercise diligence in bringing suit to assert rights, or for failure to prosecute same. Naddo v. Bardon, 2 C. C. A. 335, 4 U. S. App. 642, 51 Fed. 493; Hayward v. Eliot Nat. Bank, 96 U. S. 611, 618, 24 L. ed. 855, 858; Washington v. Opie, 145 U. S. 214, 36 L. ed. 680; Patterson v. Hewitt, 11 N. M. 1, 55 L.R.A. 658, 66 Pac. 552, 195 U. S. 309, 49 L. ed. 214, 25 Sup. Ct. Rep. 35; Freeman v. Wood, 14 N. D. 95, 103 N. W. 392; Wilson v. Wilson, 41 Or. 459, 69 Pac. 923; Alsop v. Riker, 155 U. S. 448, 460, 39 L. ed. 218, 222, 15 Sup. Ct. Rep. 162; Hughes v. Kershow, 42 Colo. 210, 15 L.R.A.(N.S.) 723, 93 Pac. 1116; Kline v. Vogel, 90 Mo. 239, 1 S. W. 733, 2 S. W. 408; Stevenson v. Boyd, 153 Cal. 630, 19 L.R.A.(N.S.) 525, 96 Pac. 284; Lux v. Haggin, 69 Cal. 255, 10 Pac. 674; Chapman v. Bank of California, 97 Cal. 155, 159, 31 Pac. 896; Harris v. Hillegass, 66 Cal. 79, 4 Pac. 987; Bell v. Hudson, 73 Cal. 287, 2 Am. St. Rep. 791, 14 Pac. 791.

Plaintiff must show good excuse for his delay. Patterson v. Hewitt, 11 N. M. 1, 55 L.R.A. 658, 66 Pac. 552, 195 U. S. 309, 49 L. ed. 214, 25 Sup. Ct. Rep. 35; Naddo v. Bardon, 2 C. C. A. 335, 4 U. S. App. 642, 51 Fed. 493; Hayward v. Eliot Nat. Bank, 96 U. S. 611, 618, 24 L. ed. 855, 858; Hagerman v. Bates, 5 Colo. App. 391, 38 Pac. 1100; Johnson v. Standard Min. Co. 148 U. S. 360, 370, 37 L. ed. 480, 485, 13 Sup. Ct. Rep. 585, 17 Mor. Min. Rep. 554; Willard v. Wood, 164 U. S. 502, 525, 41 L. ed. 531, 540, 17 Sup. Ct. Rep. 176; Hughes v. Kershow, 42 Colo. 210, 15 L.R.A.(N.S.)

723, 93 Pac. 1116; Continental Nat. Bank v. Heilman, 30 C. C. A. 232, 58 U. S. App. 475, 86 Fed. 514; 16 Cyc. 163; Segers v. Ayers, 95 Ark. 178, 128 S. W. 1045; Mackall v. Casilear, 137 U. S. 556, 566, 34 L. ed. 776, 779, 11 Sup. Ct. Rep. 178; Stuckey v. Lockard, 87 Ark. 237, 112 S. W. 747; Jackson v. Becktold Printing & Book Mfg. Co. 86 Ark. 591, 20 L.R.A.(N.S.) 454, 112 S. W. 161; Carlock v. Carlock, 249 Ill. 330, 94 N. E. 507; Ten Broeck v. Jackson, 71 N. J. Eq. 582, 69 Atl. 488; Lutjen v. Lutjen, 64 N. J. Eq. 773, 53 Atl. 625; Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082; Haffy v. Jenney, 54 Mich. 511, 20 N. W. 563; Benson v. Dempster, 183 Ill. 297, 55 N. E. 651; Dempster v. Rosehill Cemetery Co. 206 Ill. 271, 68 N. E. 1070.

Laches, unless satisfactorily explained, will bar a recovery. Hayward v. Eliot Nat. Bank, 96 U. S. 611, 25 L. ed. 855; Davidson v. Davis, 125 U. S. 90, 31 L. ed. 635, 8 Sup. Ct. Rep. 825; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. ed. 329, 3 Mor. Min. Rep. 688; Brown v. Buena Vista County, 95 U. S. 157, 161, 24 L. ed. 422, 423; Richards v. Mackall, 124 U. S. 183, 31 L. ed. 396, 8 Sup. Ct. Rep. 437; Cole v. Birmingham Union R. Co. 143 Ala. 427, 39 So. 403; Stevenson v. Boyd, 153 Cal. 630, 19 L.R.A.(N.S.) 525, 96 Pac. 284; Chapman v. Bank of California, 97 Cal. 155, 31 Pac. 896; Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082; Babb v. Sullivan, 43 S. C. 436, 21 S. E. 277; Horton v. Stegmyer, 99 C. C. A. 332, 175 Fed. 756, 20 Ann. Cas. 1134; Graff v. Portland Town & Mineral Co. 12 Colo. App. 106, 54 Pac. 854; Hagerman v. Bates, 5 Colo. App. 391, 38 Pac. 1100; Bateman v. Reitler, 19 Colo. 547, 36 Pac. 548; Hall v. Nash, 33 Colo. 500, 81 Pac. 249; Woodruff v. Williams, 35 Colo. 28, 5 L.R.A.(N.S.) 986, 85 Pac. 90; Jones v. Bonanza Min. & Mill Co. 32 Utah, 450, 91 Pac. 273; Hoyt v. Pawtucket Inst. for Savings, 110 Ill. 390; Dobbins v. Wilson, 107 Ill. 17; Harris v. Hillegass, 66 Cal. 79, 4 Pac. 987; 18 Am. & Eng. Enc. Law, 123; 1 Cyc. 430, 431; Smith v. Emery, 106 Me. 258, 76 Atl. 686; Glenwood Mfg. Co. v. Syme, 109 Wis. 355, 85 N. W. 432; International Silver Co. v. William H. Rogers Corp. 66 N. J. Eq. 140, 57 Atl. 725; Wilson v. Wilson, 41 Or. 459, 69 Pac. 923; Tozier v. Brown, 202 Pa. 359, 51 Atl. 998; McKnight v. Taylor, 1 How. 161, 11 L. ed. 86; Rives v. Morris, 108 Ala. 527, 18 So. 743; Adams v. Taylor, 14

27 N. D.—31.

Ark. 62; Groenendyke v. Coffeen, 109 Ill. 325; Curtis v. Lakin, 35 C. C. A. 222, 94 Fed. 251, 20 Mor. Min. Rep. 35; Townsend v. Vanderwerker, 160 U. S. 171, 40 L. ed. 383, 16 Sup. Ct. Rep. 258; Hume v. Beale (Crosby v. Beale) 17 Wall. 350, 21 L. ed. 605; Patterson v. Hewitt, 11 N. M. 1, 55 L.R.A. 658, 66 Pac. 552; Galliher v. Cadwell, 145 U. S. 368, 36 L. ed. 738, 12 Sup. Ct. Rep. 873.

Laches need not be pleaded. The right of recovery is barred if the complaint and testimony do not excuse the delay. 12 Enc. Pl. & Pr. 829; 13 Enc. Pl. & Pr. 183; Freeman v. Wood, 14 N. D. 106, 103 N. W. 392; Sullivan v. Portland & K. R. Co. 94 U. S. 806, 811, 24 L. ed. 324, 326; Richards v. Mackall, 124 U. S. 183, 31 L. ed. 396, 8 Sup. Ct. Rep. 437; Stevenson v. Smith, 189 Mo. 447, 88 S. W. 86; Schmitt v. Hagar, 88 Minn. 413, 93 N. W. 110; Wagner v. Sanders, 62 S. C. 73, 39 S. E. 950; Taylor v. Slater, 21 R. I. 104, 41 Atl. 1001; Chase v. Chase, 20 R. I. 202, 37 Atl. 804; Evans v. Woolsworth, 213 Ill. 404, 72 N. E. 1082; Coon v. Seymour, 71 Wis. 340, 37 N. W. 243; Hagerman v. Bates, 24 Colo. 71, 49 Pac. 139; Harris v. Hillegass, 66 Cal. 79, 4 Pac. 987; Chapman v. Bank of California, 97 Cal. 155, 31 Pac. 896; Bell v. Hudson, 73 Cal. 289, 2 Am. St. Rep. 791, 14 Pac. 791.

*Stephen J. Cowley,* for respondent.

Where laches or staleness of a demand is relied on, it must be taken advantage of in the court below. Humphreys v. Butler, 51 Ark. 351, 11 S. W. 479; Walker v. Denison, 86 Ill. 142; Emmons v. Oldham, 12 Tex. 18; State v. Holloway, 8 Blackf. 45; Randolph v. Knox County, 114 Mo. 142, 21 S. W. 592; Duncan v. New York Mut. Ins. Co. 138 N. Y. 88, 20 L.R.A. 386, 33 N. E. 730; Wills v. Dunn, 5 Gratt. 384; Douglass v. Ferris, 138 N. Y. 192, 34 Am. St. Rep. 435, 33 N. E. 1041.

When relied upon as a defense, it must be pleaded. Hill v. Barner, 96 Pac. (Cal.) 111.

It should also be claimed and set up in the court below. Henshaw v. State Bank, 239 Ill. 515, 130 Am. St. Rep. 241, 88 N. E. 214; Zeigler v. Hughes, 55 Ill. 288; Spalding v. Macomb & W. I. R. Co. 225 Ill. 585, 80 N. E. 327; Schnell v. Rock Island, 232 Ill. 89, 14 L.R.A.(N.S.) 874, 83 N. E. 462; Coryell v. Klehm, 157 Ill. 462, 41 N. E. 864; Trustees of Schools v. Wright, 12 Ill. 432; O'Halloran

v. Fitzgerald, 71 Ill. 53; Darst v. Murphy, 119 Ill. 343, 9 N. E. 887; Dawson v. Vickery, 150 Ill. 398, 37 N. E. 910.

The only exception to these rules is where the complaint or bill undertakes to account for or explain the delay in bringing suit. Coryell v. Klehm, 157 Ill. 462, 41 N. E. 864.

Laches is a matter of defense. Murto v. Lemon, 19 Colo. App. 314, 75 Pac. 160.

In equity, a claim not urged on trial cannot be raised on appeal. Ketchell v. Keene, 171 Mich. 108, 136 N. W. 1121; Gable v. Cedar Rapids, 150 Iowa, 108, 129 N. W. 737.

The supreme court will not consider an objection not urged in the court below. Ditton v. Purcell, 21 N. D. 648, 36 L.R.A.(N.S.) 149, 132 N. W. 347; International Text-Book Co. v. Marvin, 166 Mich. 660, 132 N. W. 437.

Laches and estoppel constitute affirmative defenses, and must be pleaded and the facts proved. McDermott v. Anaheim Union Water Co. 124 Cal. 112, 56 Pac. 779; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; 12 Enc. Pl. & Pr. 831; Jones v. The Richmond, Fed. Cas. No. 7,492; The Platina, 3 Ware, 180, Fed. Cas. No. 11,210; Green v. Terwilliger, 56 Fed. 384.

After judgment on issues on account, it is too late for losing party to set up defense of staleness. Roemmich v. Wamsganz, 8 Mo. App. 576; 12 Enc. Pl. & Pr. 833.

The higher court is restricted to hearing of such issues only as where raised in lower court. Cooper v. Armstrong, 3 Kan. 78; Re Campau, 48 Mich. 236, 12 N. W. 217; Fuller v. Schroeder, 20 Neb. 631, 31 N. W. 109; Trimmer v. Adams, 18 N. J. Eq. 505; Hinman v. Stillwell, 34 Hun, 178; Kilgore v. Emmitt, 33 Ohio St. 410.

On appeal in equity cases, the parties are confined to the pleadings and the evidence in the lower court. Pacific R. Co. v. Ketchum (Pacific R. Co. v. Missouri P. R. Co.) 95 U. S. 1, 24 L. ed. 347; Bloodgood v. Clark, 4 Paige, 574; Morris v. Richardson, 11 Humph. 389; Van Zile, Eq. Pl. & Pr. 496; Blease v. Garlington, 92 U. S. 1, 23 L. ed. 521; Studwell v. Palmer, 6 Paige, 57; Hill v. Bourkhard, 5 Colo. App. 58, 36 Pac. 1115; Shelton v. Franklin, 224 Mo. 342, 135 Am. St. Rep. 537, 123 S. W. 1084; O'Reilly v. Campbell, 116 U. S. 418, 29 L. ed. 669, 6 Sup. Ct. Rep. 421; Sweeney v. Great Falls & C. R.

Co. 11 Mont. 523, 29 Pac. 15; Holden v. Clark, 16 Kan. 346; Hill v. Barner, 8 Cal. App. 58, 96 Pac. 111; Helm v. Brewster, 42 Colo. 25, 93 Pac. 1101; Mortgage Trust Co. v. Elliott, 36 Colo. 238, 84 Pac. 980; Henshaw v. State Bank, 239 Ill. 515, 130 Am. St. Rep. 241, 88 N. E. 214; Duncan v. New York Mut. Ins. Co. 138 N. Y. 88, 20 L.R.A. 386, 33 N. E. 730; Grant v. Powers Dry Goods Co. 23 S. D. 195, 121 N. W. 95; Emmons v. Oldham, 12 Tex. 18; Wilder v. Wilder, 82 Vt. 123, 72 Atl. 203.

Laches, unlike limitation, does not depend upon time, but principally upon the inequity of permitting the claim to be enforced, some inequity on account of the changed condition of the parties, or their property— something that works a disadvantage to another. Shearer v. Hutterische Bruder Gemeinde, 28 S. D. 509, 134 N. W. 63.

But, where the party interposing this defense has caused or contributed to the delay, he cannot take advantage of it. Northern P. R. Co. v. Boyd, 101 C. C. A. 18, 177 Fed. 804.; Thorndike v. Thorndike, 142 Ill. 450, 21 L.R.A. 71, 34 Am. St. Rep. 90, 32 N. E. 510.

There must be full knowledge of all the facts, and full freedom to act. Stephens v. Dubois, 31 R. I. 138, 140 Am. St. Rep. 741, 76 Atl. 656; Evans v. Moore, 247 Ill. 60, 139 Am. St. Rep. 302, 93 N. E. 118.

Laches will not be imputed to a person while under a disability. Melms v. Pabst Brewing Co. 93 Wis. 153, 57 Am. St. Rep. 899, 66 N. W. 518.

The doctrine of laches does not apply to an action brought before it is barred by the statute of limitation. Johnson v. Toulmin, 18 Ala. 50, 52 Am. Dec. 212; Hamilton v. Hamilton, 18 Pa. 20, 55 Am. Dec. 585; Smilie v. Biffle, 2 Pa. St. 52, 44 Am. Dec. 156; Haynie v. Hall, 5 Humph. 290, 42 Am. Dec. 427; Tarleton v. Goldthwaite, 23 Ala. 346, 58 Am. Dec. 296; Bank of Tennessee v. Hill, 10 Humph. 176, 51 Am. Dec. 698; Perkins v. Cartmell, 4 Harr. (Del.) 270, 42 Am. Dec. 753; Switzer v. Noffsinger, 82 Va. 518; Hutcheson v. Grubbs, 80 Va. 251; McCarthy v. Ball, 82 Va. 872, 1 S. E. 189.

Equitable relief will not be refused where the delay is not sufficient to bar the legal remedy. Coryell v. Klehm, 157 Ill. 462, 41 N. E. 864; McDermont v. Anaheim Union Water Co. 124 Cal. 112, 56 Pac. 779; Platt v. Platt, 58 N. Y. 648; Michigan Trust Co. v. Red Cloud, 3 Neb. (Unof.) 722, 92 N. W. 900; Wells v. Western U. Teleg. Co.

144 Iowa, 605, 24 L.R.A.(N.S.) 1045, 138 Am. St. Rep. 317, 123 N. W. 371; Wilson v. Plutus Min. Co. 98 C. C. A. 189, 174 Fed. 317; Broatch v. Boysen, 99 C. C. A. 278, 175 Fed. 702.

The plaintiff was not guilty of laches in bringing this action. Fisher v. McNulty, 30 W. Va. 186, 3 S. E. 593; Underwood v. Wakefield, 27 S. D. 397, 131 N. W. 399.

Burke, J. Plaintiff brings this action for an accounting from his tenant of a farm for the years 1901, 1902. The abstract contains something over 300 pages; and she appeals under § 7229, Rev. Codes 1905, whereby a trial anew is sought in this court. No public question is involved, and our duties consist principally in reading the evidence and weighing the same after the manner of a jury. No useful purpose can be served by setting forth this testimony, and we will content ourselves with announcing the result of our deliberations upon fact, and deciding the questions of law involved.

(1) The defendant contends that plaintiff is guilty of laches in bringing the action, to such an extent that he should be precluded from any recovery. The crops raised in 1901 and 1902 are in dispute, and the action was not commenced until the year 1908. It is not claimed that the statute of limitations has run, but defendant insists that during the intervening years he has lost or destroyed his books of account relating to this transaction; that the elevator books showing the receipt of the grain have been likewise lost or destroyed by the elevator company, and that his witnesses, who were mostly farm hands, have moved away from the vicinity, and he has been unable to locate them; that had the plaintiff promptly prosecuted his cause of action, the defendant would have been in better shape to have presented his defense. The delay of the plaintiff can be excused partly because of age and infirmities, and partly on account of poverty. Without setting out the testimony upon this point, we conclude that in this case laches of the plaintiff is not sufficient to preclude a recovery, but the circumstances should all be considered in weighing the testimony. For example, the failure of the defendant to produce his books will not be considered a circumstance against him, as it might be, had the trial occurred shortly after the threshing was done.

(2) The first item in dispute relates to the flax crop for the year 1901. The plaintiff is a married woman living with her husband in

the city of Larimore. The couple are something over seventy years of age, and the husband transacted all of the business for the wife. He testifies that he kept books, and produced in court a ledger in which he had written down memoranda of the transactions in dispute. He testifies that he furnished flax seed for 134 acres in 1901, and examined the crop while it was growing, and estimated the yield at 22 bushels per acre; that the flax was grown upon breaking, and was clean. He further testifies that during threshing time he visited the farm, and had a conversation with defendant, who told him that he had threshed 900 bushels with his own machine, and had broken down, and hired another machine to finish the flax; that after the flax was all threshed he went to defendant and asked him for a statement, and was told by the defendant to see one Savage, his foreman, who could tell him all about it; that he had gone to Savage, who had taken a lantern and looked at his book, and showed him thereon that the last machine had threshed 1,473 bushels, making a total of 2,373 bushels, of which he was entitled to one half, less the expense of threshing.

The defendant upon his part insists that the crop raised was much smaller, and that a settlement in full had been had for that year. Each party is corroborated by some circumstances and by some witnesses, and we are agreed that the plaintiff has, by a fair preponderance of the evidence, established his contention, and that the trial court correctly estimated the amount owing from the defendant to the plaintiff upon this cause of action, which was to the effect that there was due to the plaintiff 639½ bushels, of flax of the value of $1.30 per bushel, for the year 1901, together with interest thereon at 7 per cent since Feb. 1–1903.

The next item of dispute relates to hay raised upon contract during the same year, and we have reached the conclusion that the trial court is correct, which we merely announce without setting forth the evidence.

Upon the question of the 1902 crop, there is likewise a dispute, and claim of the defendant that the same has been settled in full. Upon this point we find, with the trial court, that there is due to the plaintiff upon accounting the value of 325 bushels of flax at 75 cents per bushel, and 240 bushels of wheat at 70 cents per bushel, with interest upon all of such sums at 7 per cent since February 1, 1903.

It follows that the judgment of the District Court is in all things affirmed.